### 92.   SOUTHERN RAILWAY COMPANY *et al. v.* MILLER.

1. A railway corporation can be jointly sued with three of its servants, when it is sought to make the corporation liable only by reason of the negligent acts of its said servants in the operation of a train under their management and control.
2. Such action can be maintained by an employee, against the railway company and other employees jointly, when the injury was caused by the joint negligence of the coemployees within the scope of their employment.
3. The right of removal to the Federal court, under the acts of Congress of March 3, 1887, and August 13, 1888, depends upon the state of the pleadings and the record at the time of the application for removal. If, upon the face of the declaration,—the only pleading filed in the case,—the action is joint, for the purpose of determining the right of removal the cause of action must be deemed to be joint. "A defendant has no right to say that an action shall be several which a plaintiff elects to make joint."
4. Where a joint suit is brought by a resident of this State against a foreign corporation operating a railroad in this State, and against three of its employees who reside in this State, for an injury resulting from negligent acts, in the commission of which all the defendants participated, such suit is not removable by the corporation, as a separable controversy; and the refusal of the judge to pass an order removing the case to the circuit court of the United States was not erroneous.

Petition to remove cause, from city court of Hall county— Judge Prior. May 25, 1906.

Argued February 11,—Decided April 25, 1907.

*John J. Strickland, Ed. Quillian,* for plaintiffs in error.

*Reuben R. Arnold, Fletcher M. Johnson, Howard Thompson,* contra.

HILL, C. J.   W. M. Miller brought suit in the city court of Hall county against the Southern Railway Company, a corporation, Ed. S. Hurst, an individual of Fulton county, Benjamin Voils, an individual of Fulton county, and Tom Cox, an individual of DeKalb

county. The cause of action arose in Hall county, wherein the defendant railway company was running a line of track, when the plaintiff received the injuries upon which he predicated his right of action. The declaration makes a joint suit, alleging that, because of the joint negligence of all four defendants, a collision occurred between the train on which the plaintiff was the engineer and the train which the defendants were operating,—the Southern Railway Company as proprietor, and the individual defendants as the crew. It is not necessary to set out all the allegations of negligence on the part of the defendants. The cause of the collision was an open switch, alleged to have been negligently left in that condition by the defendants so as to throw the train, on which plaintiff was the engineer, into the side-track, where the train in charge of the defendants was standing.

The declaration shows, that the defendant Cox was the conductor, and had entire charge of the crew, of the train on the side-track; that the defendant Voils was the engineer, and that the defendant Hurst was the front brakeman, on that train. It alleges that it was the duty of each and every one of the defendants to have the switch turned to the main line, so as to keep plaintiff's train on the main line and away from the side-track upon which their train was standing; and it alleges that each and all of the individual defendants, representing the railway company, participated in turning said switch away from the main line,—which was negligent,—and, after turning it away from the main line, negligently participated in allowing it to stay turned away. It alleges, that the actual turning of the switch at the siding was by the defendant Hurst, and that the failure to turn it right again, and leaving it turned wrong, was the act of the defendant Hurst, and that Hurst's negligence in this regard was the negligence of the railway company. It is alleged that the individual defendant Cox, who was the conductor in charge of the train, was under the duty to see if the switch was turned from the main line, but that he negligently failed in this duty. It is alleged that the individual defendant Voils, the engineer, was negligent after getting into the siding, in failing to keep a proper lookout to see if the switch was turned wrong, and, after discovering that it was turned wrong, in failing to report it to the other members of the crew. The declaration summarizes the negligence of the defendants by saying, that it was negligence, in the

three individual defendants who represented the railway company, to unlock and caused to be unlocked the switch, and to cause the same to be turned from the main line; and that said individual defendants were negligent in not discovering that the said switch was turned wrong, it being perfectly patent and visible to them, and it being their duty to turn it right. The declaration further alleges that the three individual defendants, representing the railway company, owed to the plaintiff, the engineer upon the opposing train, the duty to have the switch turned right. And it also alleges that the individual defendants, representing the railway company, should have flagged the plaintiff's train, if for any reason the switch was to remain turned into the side-track. It will thus be seen that not a single act of negligence is charged against the Southern Railway Company in which some one of the individual defendants did not join; in other words, that the defendants, by the acts of negligence set forth in the declaration, are alleged to be guilty of a joint tort, each one of the defendants having contributed to the harmful result.

The defendant, the Southern Railway Company, filed a petition to remove the case to the Federal court, upon the ground that the controversy was separable; that it was a non-resident corporation, a citizen of Virginia, that the amount in controversy exceeded two thousand dollars, and that the plaintiff was a citizen of Georgia. The judge below refused the petition to remove, and the railway company has brought the case to this court for review.

The questions raised by this record are fully covered and controlled by the decision of the Supreme Court of this State in the case of the *Southern Railway Company* v. *Grizzle*, 124 *Ga.* 735, and by the decision of the Supreme Court of the United States in Alabama Great Southern Railway Co. *v.* Thompson, 200 U. S. 206. The plaintiff in error insists that the petition against the defendants makes a distinct charge of negligence against the defendant railway company, the non-resident defendant, sufficient in and of itself to give rise to a cause of action, and the case, being one involving a separable controversy between citizens of different States, is therefore removable to the proper United States Court. In support of this contention, *Southern Ry. Co.* v. *Edwards*, 115 *Ga.* 1022, is cited. In the *Edwards* case, while the declaration made charges of concurrent negligence against all of the defendants,

there was also a distinct charge of negligence against the non-resident defendant alone; and, for this reason, the court held that there was a separable controversy between citizens of different States; but the court further says, that in so far as the negligence charged relates to the joint acts of negligence, the case made by the plaintiff's petition would not be one which could properly be removed to the United States Court; and the court cites, in support of the proposition, the ruling of the Supreme Court of the United States in Railway Co. v. Dixon, 179 U. S. 131, where it was held that "When concurrent negligence is charged, the controversy is not separable." As before shown, there being no act of negligence alleged, in this case, against the non-resident railway company alone, but all the acts of negligence alleged being concurrent, and joined in by all the defendants, the case can not be removed.

The allegations in this declaration would seem to bring the case squarely within the ruling of the Supreme Court of the United States in Alabama Great Southern Railway Co. v. Thompson, supra. That court holds as follows: "The right of the defendant, jointly sued with others, to remove the case into the Federal court, depends upon the case made in the complaint against the defendants jointly, and that right, in the absence of showing a fraudulent joinder, does not arise from the failure of complainant to establish a joint cause of action." "A separate defense may defeat a joint recovery, but it can not deprive a plaintiff of the right to prosecute the suit to final decision in his own way. The cause of action is the subject-matter of controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings." The court, in that decision, reviews all previous decisions on the same subject, and deduces therefrom the statement that "The case can not be removed unless it is one which presents a separable controversy wholly between citizens of different States. In determining this question, the law looks to the case made in the pleadings, and determines whether the State court shall be required to surrender its jurisdiction to the Federal court, and declares that it has been too frequently decided to be now questioned that the plaintiff may elect his own method of attack, and the case which he makes in his declaration, bill or complaint, that being the only pleading in the case, is to determine the separable character of the controversy for the purpose of deciding the right of removal." This is

well settled in the law, unless the petitioner, in the petition for removal, both alleges and proves that the defendants were wrongfully made joint defendants for the purpose of preventing removal into the Federal court. There are no such allegations made in this petition. We therefore conclude this part of the case by quoting the words of the Chief Justice in delivering the opinion of the court in Louisville & Nashville Railroad Co. *v.* Ide, 114 U. S. 52: "A defendant has no right to say that an action shall be several which a plaintiff elects to make joint."

The right of the plaintiff to bring this suit against a railway corporation and the engineer, conductor, and brakeman of the train is expressly determined by the Supreme Court of the United States in several cases. "A railroad corporation may be jointly sued with the engineer and conductor of one of its trains when it is sought to make the corporation liable only by reason of their negligence." Alabama Great So. Ry. Co. *v.* Thompson, supra. "The master is responsible for the negligence of his servant in a joint action against both to recover damages for an injury." Chesapeake & Ohio Railway Co. *v.* Dixon, 179 U. S. 131. A similar ruling was made by the Supreme Court of Georgia, in *Southern Ry. Co.* v. *Grizzle,* supra, the second headnote being as follows: "A railway company and its engineer may be jointly sued for a negligent homicide, where the negligence of the company results solely from the act and conduct of the engineer."

It is said that the acts of negligence charged against the individual defendants were all nonfeasance in character, and therefore the agents were not liable with the principal. We do not so construe the acts of negligence set up. They really involve acts both of omission and commission. They present a case not where the agents failed to perform the acts which it was their duty to perform, but where they did actually perform them, but in a negligent manner. They were all co-operating in the running of the train, and in the specific acts of negligence in reference to the switch, and other acts charged which caused the injury to the plaintiff. "Nonfeasance is the total omission or failure of the agent to enter upon the performance of a distinct duty or undertaking which he has agreed with his principal to do. Misfeasance means the improper doing of an act which the agent might lawfully do. . . Where an agent fails to use reasonable care or dili-

gence in the performance of his duty, he will be personally responsible to a third person who is injured by such misfeasance. The agent's liability in such cases is not based upon the ground of his agency, but upon the ground that he is a wrong-doer, and as such he is responsible for any injury he may cause. When once he enters upon the performance of his contract with his principal, and in doing so omits, or fails to take reasonable care in the commission of, some act which he should do in its performance, whereby some third person is injured, he is responsible therefor to the same extent as if he had committed a wrong in his own behalf. . . As was said by Gray, C. J., in Osborne v. Morgan, 130 Mass. 102, . . 'If the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in the manner of executing it, so as not to cause any injury to third persons which may be the natural consequence of his acts; and he can not, by abandoning its execution midway and leaving things in a dangerous condition, exempt himself from liability to any person who suffers injury by reason of his having so left them without proper safeguards. This is not nonfeasance or doing nothing, but it is misfeasance, doing improperly. . . In the present case, the failure of the engineer to comply with the requirements of the blow-post law was not doing, but the running of the train over a crossing at a high rate of speed without giving the signals required by law was a positive act, and the violation of a duty which both the engineer and the railroad company owed to travelers upon the highway." *Southern Ry. Co.* v. *Grizzle,* supra. In the instant case, by reference to the declaration, it will be seen that the acts of negligence alleged against the defendants were nearly all acts of positive misfeasance.

The proposition that the declaration contained a misjoinder of defendants because the liability of the railway company is statutory, and that of the other defendants is common-law liability, we do not think is meritorious. We do not think it makes any difference whether the liability of one defendant arises from statute and the other from common law. The practical question to be decided is, is there a liability, and are the defendants all liable? And the particular source from which the liability of each defendant emanates can not be material. The court's judgment is based on the liability of the defendant, whether statutory or common law, either one or both.

Nor do we think that it makes any difference on the question of liability that the plaintiff was an employee. He certainly can bring suit against the employer, and we do not see why he could not join with the employer the employees whose negligence hurt him. In the conduct of their business, the employees of a railway company owe a duty to exercise ordinary care to all other employees. They owe a higher duty to passengers, but a duty to other employees like that to members of the public generally. Under the Penal Code, §115, it is a crime for a railroad employee to be guilty of negligence which injures a coemployee. This section provides as follows: "If any person employed in any capacity by any railroad company doing business in this State shall, in the course of such employment, be guilty of negligence, either by omission of duty or by any act of commission in relation to the matters intrusted to him, or about which he is employed, from which negligence serious bodily injury, but not death, occurs to another, he shall be guilty of criminal negligence, and shall be punished by confinement in the penitentiary," from one to two years. Certainly an act which is thus made criminal is actionable in a civil suit, if injury results from such act. The acts of negligence set out in the declaration in this case against the individual defendants may have amounted to criminal negligence; and if this was true, both the railway company and the individual defendants were liable to the plaintiff, under the statutes of this State. But many courts have held that the same rule applies to an injury to a servant, when the suit is against the coservant and master jointly, as when the injury is to a third person. In Morrison *v.* Railway Co. (Supreme Court of the State of Washington), 74 Pacific, 1064, it was held that an action by a brakeman for personal injuries may be maintained against his employer and the conductor of the train jointly, where the injury is caused from the act of the employee. And the same court, in Howe *v.* Railroad Co., 60 L. R. A. 949, says, "Master and servant may be joined as defendants in an action for injuries to another servant, caused by the act of the one made defendant; for which the master is responsible." See also, to the same effect, Able *v.* Railway Co., 73 S. C. 173. In this last case the court holds also that the defendant railway company could not remove the case to the Federal court.

We think that the law is too well settled, for doubt or contro-

versy, that the railway company can not remove the cause to the Federal court, under the facts set out in the declaration, the joint defendants being properly joined, and being citizens of the State of Georgia.                                    *Judgment affirmed.*