**2270. ATLANTIC COAST LINE RAILROAD CO. *v.* BRYANT.**

The law of this case is fully decided in *Southern Railway Co.* v. *Miller,* 1 *Ga. App.* 616, and cases there cited.

Petition for removal of cause; from city court of Thomasville— Judge Hammond.          October 11, 1909.

Submitted December 21, 1909.—Decided May 11, 1910.

*Bennet & Branch,* for plaintiff in error.

*S. A. Roddenbery,* contra.

HILL, C. J.          Frances Bryant sued the Atlantic Coast Line Railroad Company and the Cherokee Saw Mill Company, in the city court of Thomasville, to recover damages for personal injuries alleged by her to have been caused by concurrent acts of negligence of both defendants. The Atlantic Coast Line Railroad Company is a non-resident corporation, and the other defendant is a domestic

corporation and a resident of this State; the plaintiff is also a resident of this State. The Atlantic Coast Line Railroad Company filed a petition to the city court for the purpose of having the case removed to the Federal court, claiming that the plaintiff made against it a separate and distinct charge of actionable negligence, and that this made a separable controversy between citizens of different States, and that the case was therefore removable to the Federal court, under the act of Congress and the decisions of the United States Supreme Court in pursuance thereof. The judge of the city court denied the application to remove; and this is the error assigned. It is admitted that if all the acts of negligence charged, upon which the plaintiff's right to recover damages are predicated, were participated in by each one of the defendants, the case would not be removable. *Southern Ry. Co.* v. *Miller,* 1 *Ga. App.* 616 (57 S. E. 1090), and cases cited. See decision of the Supreme Court of the United States in the same case, 217 U. S. 209 (30 Sup. Ct. 450, 54 L. ed.). It is also conceded that if the petition contains a distinct and separate charge of actionable negligence against the non-resident defendant corporation alone, this would make a separable controversy between citizens of different States, and the case would be removable, as decided by the Supreme Court of Georgia in *Southern Ry. Co.* v. *Edwards,* 115 *Ga.* 1022 (42 S. E. 375). To determine the question as to whether there is in fact a separable controversy between the plaintiff and the non-resident defendant corporation, we must look to the allegations of the petition,—to the allegations of fact, and not to any conclusions of the pleader; for this question depends wholly upon the case as made by the petition. *Alabama Great Southern R. Co.* v. *Thompson,* 200 U. S. 206 (26 Sup. Ct. 161, 50 L. ed. 441).

The petition shows that the resident defendant, the Cherokee Saw Mill Company, is a business and sawmill corporation, and, by the permission and license of the Atlantic Coast Line Railroad Company, was using the track and franchise of the latter railway corporation, for the purpose of hauling logs and timber in connection with its business; that the line of the railway thus used by the sawmill company passed through the city of Thomasville and over and across Fletcher street, one of the streets of the city. Plaintiff alleges, that it was the duty of both of the defendants, in approaching the crossing over said street, to ring the bell and check

the speed of the train or engine, so as to prevent injury to any one who was crossing or about to cross; that on the day when she received the injuries for which she brings suit, she was attempting to drive a horse, attached to a buggy, across the street at said crossing, and that while she was attempting to do so, without any fault on her part, she was injured and damaged by the negligence of both of the defendants in failing to check the speed of a train of flat cars loaded with logs, or to ring the bell of the engine when approaching the crossing. She specifically sets forth in her petition these acts of negligence, charges that they were concurrent, and fully describes how she was injured by the defendants. It is further alleged that draw-gates, erected by the Atlantic Coast Line Railroad Company, were at the Fletcher-street crossing, in full view of any one approaching the crossing, and that it was the custom and duty of the defendants to cause these gates to be lowered whenever a locomotive or car was approaching the crossing, thus giving warning of the approach of the engine or cars, and also preventing any one from crossing over the tracks; that these draw-gates were not down when the plaintiff approached the crossing, and she was induced by that fact to believe that the crossing was safe, and she undertook to cross. She charges that it was negligence in both defendants not to lower these draw-gates, and that if they had performed their duty in lowering, she would have been warned of the approach of the engine and cars, and would not have driven upon the track at the crossing.

It is insisted by learned counsel for the plaintiff in error that the negligence in reference to the failure to lower the draw-gates, although stated to have been the concurrent negligence of both defendants, was in fact solely chargeable to the non-resident corporation, the Atlantic Coast Line Railroad Company; that the facts set forth in the petition show that these gates were erected by the railroad company, to protect the crossing, and that the Cherokee Saw Mill Company had absolutely no control of the gates, and was not responsible for the failure of the railroad company to lower them. We do not think that this contention is sound or supported by the allegations of the petition. It is distinctly alleged that "it was the custom and duty of defendants to cause the said gates to be lowered or down when any locomotive or car was approaching and about to go on or over the Fletcher street crossing." We

45

think this allegation contains more than a mere conclusion of the pleader.    It alleges a custom of both defendants,—a custom practiced by both defendants for the purpose of preventing injuries at the crossing of this street, and a duty of the railroad company to exercise this diligence when operating its own cars and locomotives across the street at the crossing, and a duty devolving upon the saw-mill company when it, under the license and permission of the railroad company, was operating locomotives and cars across the street at the crossing.    If it was the duty of the railroad company, as charged, to keep an employee in charge of the gates at all times, we think it was also the duty of the sawmill company, when it was using the tracks, to see that the employee of the railway company was at his post of duty and in charge of these gates, and, if not, to place some one in charge of the gates for the purpose of lowering them when the exigency required them to be lowered.    It is also fairly inferable, from the allegations of the petition, that the act of negligence in not having the draw-gates lowered would not, of itself, have caused the injury; but the fact that they were not lowered induced the plaintiff to drive across the track, and, while she was in the act of crossing, the rapid approach of the engine and cars loaded with logs, without warning, caused the injuries which she received,—in other words, that it was the two concurrent acts, failure to lower the draw-gates and the rapid approach of the engine and cars without warning, together, which were the proximate cause of the plaintiff's injuries.    It is also fairly deducible from the petition that the act of the engineer, in coming on the crossing at such a rapid rate of speed while seeing that the gates were up, was an act of negligence.

We conclude, from a careful examination of the petition, that while some of the allegations of negligence are referable alone to the conduct of the resident defendant corporation, there is no act of negligence charged against the non-resident defendant corporation that was not in some manner, directly or indirectly, participated in by the resident corporation,—in other words, that there is no separate or distinct cause of action alleged against the non-resident corporation, and that, therefore, the judgment denying the application to remove should be affirmed.

*Judgment affirmed.*