## 16027.  STANDARD OIL COMPANY OF KENTUCKY v.
### .TURNER et al.

According to the allegations of the petition in this action for negligence by citizens of this State against several defendants, one of whom resided in another State, a resident defendant having participated in all acts charged as negligence against the nonresident defendant, the controversy between the plaintiffs and the nonresident defendant was not one which was wholly between citizens of different States and which could be fully determined as between them; and the nonresident defendant, therefore, was not entitled to the removal of the case from the State court to the Federal court.

DECIDED APRIL 16, 1925.

Petition to remove cause; from Cherokee superior court—Judge Blair.  September 27, 1924.

H. A. Turner and his minor children, all of whom were residents of the State of Georgia, brought an action in the superior court of Cherokee county, for the death of his wife and their mother, against Standard Oil Company, a corporation of the State of Kentucky, and George I. Teasley and John Teasley, residents of the county of the suit.

The petition alleges that the decedent was killed on September 12, 1923, while she was using in her home a liquid which her husband had bought from the Teasleys as kerosene, and which she and the plaintiffs believed to be kerosene, although it was in truth gasoline, or a mixture of such a quantity of gasoline with kerosene as to make it highly explosive and dangerous,—"much more dangerous and much more explosive than kerosene." If the fluid purchased by the decedent's husband had in fact been kerosene, it would not have exploded, or set fire to or injured the decedent when used by her as she was using it at the time of the explosion. The Teasleys were engaged in the selling of kerosene and gasoline as a mercantile partnership, and the plaintiff H. A. Turner had purchased the particular fluid from John Teasley, acting for himself and George I. Teasley, and had carried it to his home for the use of himself and family as kerosene. It was drawn from the Teasleys' kerosene dispensing tank. Standard Oil Company was a corporation engaged in the sale and distribution of gasoline and other petroleum products.

Paragraphs 5 and 12 of the petition were as follows: "In the year 1923, and a short time prior to the 12th day of September,

the exact date being unknown to the plaintiffs, the defendant Standard Oil Company, by and through its agents and employees, placed an employee of the said company in charge of a truck or wagon of the company, loaded with kerosene and gasoline, which was offered for sale to any one who desired to buy, and at said time the defendant John Teasley, acting for himself and for George I. Teasley, merchants as aforesaid, purchased from the defendant, the Standard Oil Company, a quantity of fluid conveyed on said vehicle, and the same was placed by the said agent and employee of the Standard Oil Company and the said John Teasley, acting for himself and the said George I. Teasley, in the kerosene dispensing tank at the place of business of the said defendants George I. Teasley and John Teasley, which dispensing tank was the storage tank in which to keep kerosene for the purpose of dispensing and selling the same therefrom in quantities as called for by the customers of said store and any one else desiring to purchase kerosene, all of which said facts were known to each and all of the said defendants at said time." "The death of the said Ludie Turner was occasioned solely by the negligence and wrong of the defendants in selling and causing to be sold and delivered to the plaintiff H. A. Turner, as hereinbefore alleged, the said fluid which was gasoline, or a mixture of a sufficient quantity of gasoline with kerosene, which said gasoline, or fluid with mixture of gasoline, was a highly dangerous substance, explosive, and liable to explode and cause destruction of human life and property, and in selling and delivering the same to the plaintiff H. A. Turner, as hereinbefore alleged, for kerosene oil, which is a substance greatly resembling gasoline in its superficial appearances, but which is free from danger when handled in an ordinary manner and as it was by the said Ludie Turner, deceased, at the time and on the occasion hereinbefore referred to; that the defendants [were] each further negligent in placing and causing said fluid to be placed in the kerosene dispensing tank of the defendants George I. Teasley and John Teasley, as hereinbefore alleged, where it was likely to be dispensed to the plaintiff H. A. Turner and others as kerosene, and were negligent in selling and delivering the same to the plaintiff H. A. Turner as kerosene, as hereinbefore alleged; and the said wrongful acts of the defendants and each of them in causing the said fluid to be thus placed, sold, and delivered as kerosene, in

such manner that in the natural course of things, and in a way that could be reasonably expected, it came into the possession of the said Ludie Turner, and was used as kerosene by her without any knowledge on her part that it was in fact gasoline or a mixture of gasoline with kerosene, were the direct, proximate, and natural cause of her death and of the plaintiffs' injury and damage as hereinbefore alleged, and the said negligence was in law and in fact the negligence of each of the defendants and of all of them."

The petition being substantially as above, the Standard Oil Company filed its application to remove the case to the United States district court, upon the ground that the controversy between it and the plaintiffs was separable and between citizens of different states. The case is here upon exceptions to the judgment of the superior court refusing the application.

*Spalding, MacDougald & Sibley,* for plaintiff in error.

*Morris, Hawkins & Wallace, John S. Wood, A. J. Henderson,* contra.

BELL, J. (After stating the foregoing facts.)

Even if, as contended by the plaintiff in error, the petition set forth no cause of action as to it, that circumstance alone would not be cause for removing the case from the State court to the Federal court. The controversy might not be a separable one even though it involved only the question of law to be determined on demurrer as to whether a cause of action was alleged. According to the allegations of the petition, all acts charged against the nonresident defendant as negligence were participated in by the resident defendants; and this being true, it is immaterial whether the petition may show additional acts of negligence on the part of the other defendants. The question of removal is to be determined solely by reference to the allegations of fact contained in the plaintiff's petition. *Atlantic Coast Line R. Co.* v. *Bryant,* 7 *Ga. App.* 703 (67 S. E. 1049). The controversy so made is not one which is wholly between citizens of different States and which can be fully determined as between them, and the judge did not err in refusing the application for removal. See *Southern Ry. Co.* v. *Miller,* 1 *Ga. App.* 616 (4) (57 S. E. 1090); Alabama Great Southern Ry. Co. v. Thompson, 200 U. S. 206 (50 L. ed. 441, 26 Sup. Ct. 161, 4 Ann. Cas. 1147); *Scearce* v. *City of Gainesville,* 33 *Ga. App.* 411 (126 S. E. 883).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*