### 26019. SOUTHERN RAILWAY COMPANY *v.* SMITH.

GUERRY, J. 1. "A servant is personally liable to third persons when his wrongful act in the course of his employment is the direct and proximate cause of injury to them, whether the wrongful act be one of misfeasance or nonfeasance. It is not his contract with the principal which exposes him to, or protects him from, liability to third persons, but his common-law obligation so to use that which he controls as not to injure another." *Atlantic Coast Line R. Co.* v. *Knight,* 48 *Ga. App.* 53 (171 S. E. 919), and cit.

2. "A railway company and its engineer may be jointly sued for a negligent homicide, where the negligence of the company results solely from the act and conduct of the engineer." *Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191) ; *Southern Ry. Co.* v. *Davenport,* 39 *Ga. App.* 645 (148 S. E. 171) ; *Southern Ry. Co.* v. *Miller,* 1 *Ga. App.* 616 (57 S. E. 1090).

3. "The right of removal to the Federal court . . depends upon the state of the pleadings and the record at the time of the application for removal. If upon the face of the declaration—the only pleading filed in the case—the action is joint, for the purpose of determining the right of removal the cause of action must be deemed to be joint." *Southern Ry. Co.* v. *Miller,* supra.

4. The present action was brought by Mrs. Nora Smith jointly against the Southern Railway Company, a non-resident corporation, and its engineer, Robert V. O'Sheal, a resident of this State, to recover damages for the alleged homicide of her husband at a crossing maintained by the railroad for the use of the general public, which she alleged was caused by the alleged negligent operation of one of its trains by the defendant engineer. All of the alleged acts of negligence of the company are predicated on the acts of the engineer in the operation of the train at the time of the homicide, and no acts of negligence are charged against the defendant railroad that are not likewise charged against the engineer. Said acts of negligence being jointly charged in the petition, there exists no separable controversy between the defendant company and the plaintiff, so as to authorize a removal of the suit to the Federal court, and the judge did not err in refusing to remove said case. The fact that different rules of liability are applicable to the defendants does not give rise to any separable controversy. Morrell *v.* Lalonde, 271 Fed. 19; Atlantic Coast Line R. Co. *v.* Feaster, 260 Fed. 881. See, beside the cases cited supra, *Vanzant* v. *Southern Railway Co.,* 135 *Ga.* 444 (69 S. E. 721) ; *Southern Ry. Co.* v. *Sewell,* 18 *Ga. App.* 544(2) (90

S. E. 94); *Atlantic Coast Line R. Co.* v. *Renfroe,* 27 *Ga. App.* 198 (107 S. E. 881).

Judgment affirmed. *Broyles, C. J.*, and *MacIntyre, J.*, concur.

DECIDED APRIL 10, 1937.

*Marvin A. Allison, Charles J. Thurmond, Wheeler & Kenyon, A. G. Liles,* for plaintiff in error.

*James A. Branch, Bryan, Middlebrooks & Carter, Thomas B. Branch Jr.,* contra.