28597. RHODES *v.* INDUSTRIAL FINANCE CORPORATION *et al.*

DECIDED MARCH 21, 1941.

*F. B. Tyler, L. W. Cooper,* for plaintiff.
*Benjamin E. Pierce Jr., Franklin H. Pierce,* for defendants.

MacIntyre, J. J. C. Rhodes brought this suit for damages against the Industrial Finance Corporation (trading as the Industrial Loan and Security Company, doing business as the Loan Brokerage Service) and P. L. Hudson. The defendants filed demurrers. The judge sustained each and every demurrer (general and special) and dismissed the action. The plaintiff excepted.

It is true that a wrong done from which no damage (nominal or otherwise) or loss results will not sustain an action. However, for injury to purse or person an action will lie. See *Dunn* v. *Western Union Telegraph Co.,* 2 *Ga. App.* 845, 851 (59 S. E. 189); Black's Law Dictionary, 965. The first question we consider here is whether the plaintiff, as against general demurrer, has properly pleaded a good cause of action. All facts alleged in good pleading of a petition consists either first, of the gist or substance of the complaint or action; second, of matter of inducement; and third,

of matter of aggravation. Whatever else is stated, in any part of the pleadings, is but surplusage. Will's Gould on Pleading, 198. In the present petition the plaintiff alleged jurisdictional facts, then alleged a contract by way of inducement, and then alleged the gist or substance of the tort for which recovery is sought in paragraphs 8, 9, and 10, which are as follows: (8) "On January 4, 1940, the defendant company did send its agent and employee, the said Hudson, again to the petitioner's place of employment, to wit, the Merchants Baking Company, for the purpose of demanding payment of said debt and to collect said debt from your petitioner, and the said Hudson, agent and employee, acting in the scope of his employment, did enter the premises of the Merchants Baking Company on said date and saw petitioner, and in a very insulting and abusive manner demanded immediate payment of said debt; whereupon petitioner inquired of the said Hudson if he were the same man who had been to petitioner's residence the afternoon previous; whereupon the said Hudson did violently curse and abuse petitioner and replied that he was, and advanced upon petitioner, stating that he would break petitioner's damn neck, and in a manner which placed petitioner in fear that he was about to be attacked and assaulted, he weighing about 185 pounds and petitioner having reasonable apprehension of danger to his limb and life, defendant Hudson advancing menacingly toward him in a threatening manner, did attempt to defend himself against the attack and assault of the said Hudson and thereupon a fight ensued between the petitioner and said Hudson." (9) "That at the time of the fight between defendant Hudson and petitioner, petitioner was employed by the Merchants Baking Company, molding Pullman bread, for the sum of thirty cents per hour, and working forty-eight hours per week, averaging therefor the sum of $15.30 to $16.20 per week at such employment." (10) "That as a result of the altercation between petitioner and the defendant Hudson, the Merchants Baking Company, petitioner's employer, did dismiss petitioner from its employment and that said dismissal was the direct result of said fight precipitated by said defendant Hudson."

It is true paragraph 7 alleged by way of inducement or explanation of the event that occurred on January 4, 1940 (which was the "gist" of his cause), that on January 3, 1940, the night before, between the hours of 6:30 and 7, the defendant company sent the

defendant Hudson, its agent and employee, to the plaintiff's home
for the purpose of demanding and collecting said debt. The agent,
in a very disorderly and violent manner, creating a disturbance in
the neighborhood, "finally was able to get petitioner's young daugh-
ter, fourteen years of age, to answer the front door of your peti-
tioner's residence; that upon petitioner's daughter coming to the
front door of petitioner's residence, the said Hudson did in a very
disorderly, abrupt and abusive manner ask said daughter 'Why in
the hell don't you answer the door?' and demanded to see peti-
tioner; that petitioner's daughter informed the said Hudson that
petitioner was not at home, that petitioner and his wife had left
home previously, but would return within a short time; that upon
the said Hudson being informed by petitioner's daughter of peti-
tioner's absence, the said Hudson did abuse, and accuse petitioner's
daughter of lying as to her father's whereabouts, and demanded
that she go back into the said residence and tell her father to come
to the door, that he knew that petitioner was in the house." We
think this paragraph was but pleading by way of inducement to
explain the occurrence the next day at the petitioner's place of
employment. There was no demurrer to this paragraph on the
ground of duplicity or multifariousness. The ground of demurrer
to paragraph 7 was that it appears therefrom "that plaintiff is
seeking redress for alleged injuries purported to have been suffered
by a minor daughter of plaintiff, and if injuries had been inflicted
upon her, or any damages suffered by her, these were damages
solely recoverable by her, and for which plaintiff has no right to
proceed." Less certainty is required in setting out matters of in-
ducement than in setting out the gist of the action, for "In neither
petition nor answer is an exhaustive statement of the exact evi-
dence upon which a party will rely in the establishment of his con-
tentions required. On the contrary, so far as matters of induce-
ment and other minor matters are concerned, a clear, brief state-
ment of material matters (the briefer the better) is to be com-
mended." *Woodruff* v. *Hughes,* 2 *Ga. App.* 361 (5) (58 S. E.
551). This paragraph was not pleaded as a basis of the action,
but merely by way of inducement or explanation. The demurrer
on the ground of multifariousness was to paragraph 12 alone, and
the plaintiff struck paragraph 12 by way of amendment, and there-
fore no demurrer to any other paragraph of the petition as amended,

on the ground of multifariousness, is presented. Thus, this paragraph comes under the category of "useless pleading" (*Orr* v. *Cooledge,* 117 *Ga.* 195, 206, 43 S. E. 527), and the defendant by special demurrer should have directed its proper objection thereto. The facts in paragraph 7 tended to show how the transaction culminating in damage to the plaintiff started, and was not pleaded for the purpose of recovery but by way of inducement, and taken together with all the other facts alleged tended to the statement of one point or ground of recovery. Ingram's Practice and Pleading, 191.

There is a special demurrer on the ground that there is a misjoinder of parties defendant, in that it does not appear from the facts pleaded that the defendant company and Hudson are jointly responsible for the alleged damages. A corporation is responsible for the acts of its agents in the business of their employment, just as an individual is liable, and whether the agent was acting within the scope of his employment when he committed a tortious act is a question of fact for the jury. *Personal Finance Co.* v. *Whiting,* 48 *Ga. App.* 154 (2, 4) (172 S. E. 111). "All agents, by an express undertaking to that effect, may render themselves individually liable. Every agent exceeding the scope of his authority shall be individually liable to the person with whom he deals; so, also, for his own tortious act, whether acting by command of his principal or not, he shall be responsible; for the negligence of his underservant, employed by him in behalf of his principal, he shall not be responsible." Code, § 4-409. An agent committing a tort and the corporation for which he is acting when the tort is committed may be sued jointly in the same action. *Coffer* v. *Bradshaw,* 46 *Ga. App.* 143 (5) (167 S. E. 119). In *Southern Railway Co.* v. *Smith,* 55 *Ga. App.* 689 (2) (191 S. E. 181), it is stated that a railway company and its engineer may be jointly sued for a negligent homicide, where the negligence of the company results solely from the act and conduct of the engineer. In *American Security Co.* v. *Cook,* 49 *Ga. App.* 723 (176 S. E. 798), quoting from a Supreme Court case, it was in effect said that the master would be liable if the servant is at the time engaged in serving the master. Thus, we think this ground of demurrer is not meritorious.

Various special demurrers were on the grounds that the suit was an attempt to join an action on a contract with one on a tort, fail-

ure to attach a copy of the contract, and that the petition is multifarious in that it attempts to join an action for false arrest with one for assault and battery and one for loss of services. Under the pleadings, the instant suit was plainly one on a tort, and the contract was set forth merely by way of inducement and was not the gist of the cause. The failure to attach a copy of the contract is not a meritorious criticism for the contract was merely incidental to the suit and was not the gist of the cause of action. *Steele* v. *Graves,* 160 *Ga.* 120 (3-*a*) (127 S. E. 465). The demurrer to paragraph 12 on the ground of multifariousness is without merit for the plaintiff in amending his petition struck paragraph 12 with reference to false arrest. With reference to special demurrers it has been held by this court: "Reasonable definiteness and certainty in pleading is all that is required; and factitious demands by special demurrer should not be encouraged. Indeed, it is the opinion of the members of this court that this 'critic,' not of the old school but of recent times,—special demurrer, has lately been given much greater recognition in our courts than his importance or usefulness has ever deserved." *Rusby* v. *Marshall,* 3 *Ga. App.* 764 (60 S. E. 376).

The petition consisted only of one count, and the several facts grouped together tended to the explanation and specification of the charge as to the damages alleged. We do not think paragraph 7 of the petition could reasonably be construed as an undertaking to recover by the father for an injury done the daughter alone, but these events were alleged only as a component part of one cause of action, to wit, a damage done to the plaintiff. It might also be noted here that the allegations in paragraph 7, if proved, might go to show aggravating circumstances either in the act or the intention, and thus be a proper allegation relatively to the recovery of additional damages as compensation for the wounded feelings of the plaintiff. Code, § 105-2002. "To authorize the imposition of punitive or exemplary damages there must be evidence [allegations] of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern Ry. Co.* v. *O'Bryan,* 119 *Ga.* 147 (45 S. E. 1000) ; *Duncan* v. *Ellis,* 63 *Ga. App.* 687, 689 (11 S. E. 841). The special demurrers are not meritorious and the judge erred in sustaining

the general and special demurrers to the petition and in dismissing the same.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*