## SOUTHERN RAILWAY COMPANY *v.* GRIZZLE.
## O'NEAL *v.* GRIZZLE.

124 735
126 660

124 735
127 652
128 154
128 284

1. The act of a railroad engineer in running a train over a public-road crossing in violation of the requirements of the blow-post law is not a mere nonfeasance of the agent, but is a misfeasance which renders him individually liable to persons injured as a result of such conduct.
2. A railway company and its engineer may be jointly sued for a negligent homicide, where the negligence of the company results solely from the act and conduct of the engineer.
3. A foreign railroad company operating in this State and an engineer in its employment may be jointly sued in the county in which the cause of action originated, even though the residence of the engineer be in another county in this State.
4. The petition, when considered in its entirety, sought a recovery solely upon the ground that the engineer had failed to comply with the requirements of the blow-post law. The averments in reference to the location of the warehouses near the crossing were made as matter of inducement, and not as a ground of recovery, and these allegations did not make a separable controversy between the railway company and the plaintiff. As the engineer was a resident of the State of Georgia, the refusal of the judge to pass an order removing the case to the circuit court of the United States was not erroneous.

Argued December 5, 1905.—Decided January 13, 1906.

Petition for removal of cause. Before Judge Russell. Gwinnett superior court. March 16, 1905.

Mrs. America H. Grizzle filed her petition to the superior court of Gwinnett county, alleging, in substance, that the Southern Railway Company is a corporation operating a line of railway in and

through the county of Gwinnett, having an agent and agency therein, and is doing business in said county; that T. A. O'Neal is a resident of Fulton county; that petitioner's husband, Henry M. Grizzle, was killed by the negligence of the railway company and of O'Neal, who was the engineer in charge of the train, while the train was being operated over a public-road crossing in the corporate limits of the town of Norcross, in the county of Gwinnett; and damages for the homicide were laid at $30,000. It is alleged that at this crossing the railway company had three tracks, and the road upon which the plaintiff's husband was traveling passed over all of these tracks; that the intersection of the road and the tracks was on the east side of the public road and of the railroad; that two warehouses, within two feet of the tracks, obstructed the view and sound of approaching trains; and that the train in question came from behind the two warehouses without any warning of its approach, running at a speed of fifty or sixty miles an hour, striking the plaintiff's husband and instantly killing him. It is alleged that no bell was rung nor whistle sounded, nor the speed of the train checked, and that the requirements of the blow-post law were entirely disregarded by the engineer. It is also alleged that O'Neal had been in the employment of the company for a long time, and that the negligence of the company was his act, which is alleged to be the joint negligence of both defendants. Process is prayed against the railway company and O'Neal. To this petition O'Neal filed a demurrer on the grounds, that no cause of action was set forth; that the suit was improperly brought in Gwinnett county, as it should have been brought in the county of Fulton, which is the county of his residence; and that no acts of negligence were charged to him except such as were charged to have been done by him as the servant of the railway company, and for that reason he could not be sued jointly with the railway company; that the suit was based on the statutory right to recover against the railway company, and there is no common-law or statutory right authorizing him to be joined as a codefendant. This demurrer was overruled, and O'Neal excepted.

The railway company filed a petition asking that the case be removed to the circuit court of the United States for the northern district of Georgia. This petition alleges, that the declaration does not charge O'Neal with any actionable wrong; that he is merely a

nominal party, joined for the purpose of preventing a removal of the case; and that the declaration makes a case involving separable controversies between the plaintiff and the railway company, citizens of different States, in that there is a distinct charge of negligence against the railway company alone, sufficient to give rise to a cause of action; that the plaintiff is a resident and citizen of the State of Georgia, and that the railway company is a corporation under the laws of Virginia, and a resident and citizen of that State, and a non-resident of the State of Georgia. The court refused to pass an order removing the case to the circuit court of the United States, and to this ruling the railway company excepted.

*John J. Strickland* and *S. J. Winn,* for plaintiff in error.
*Atkinson & Born,* contra.

COBB, P. J. 1. An agent is not ordinarily liable to third persons for mere nonfeasance. *Kimbrough* v. *Boswell,* 119 *Ga.* 201. An agent is, however, liable to third persons for misfeasance. Nonfeasance is the total omission or failure of the agent to enter upon the performance of some distinct duty or undertaking which he has agreed with his principal to do. Misfeasance means the improper doing of an act which the agent might lawfully do; or, in other words, it is the performing of his duty to his principal in such a manner as to infringe upon the rights and privileges of third persons. Where an agent fails to use reasonable care or diligence in the performance of his duty, he will be personally responsible to a third person who is injured by such misfeasance. The agent's liability in such cases is not based upon the ground of his agency, but upon the ground that he is a wrong-doer, and as such he is responsible for any injury he may cause. When once he enters upon the performance of his contract with his principal, and in doing so omits, or fails to take reasonable care in the commission of, some act which he should do in its performance, whereby some third person is injured, he is responsible therefor to the same extent as if he had committed the wrong in his own behalf. See 2 Clark & Skyles on Agency, 1297 et seq. Misfeasance may involve also to some extent the idea of not doing; as where an agent engaged in the performance of his undertaking does not do something which it is his duty to do under the circumstances, or does not take that precaution or does not exercise that care which a due regard to the

rights of others requires. All this is not doing, but it is not the not doing of that which is imposed upon the agent merely by virtue of his relation, but of that which is imposed upon him by law as a responsible individual in common with all other members of society. It is the same not doing which constitutes actionable negligence in any relation. Mechem on Ag. §572. As was said by Gray, C. J., in Osborne *v.* Morgan, 130 Mass. 102 (39 Am. Rep. 439) : "If the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in the manner of executing it, so as not to cause any injury to third persons which may be the natural consequence of his acts; and he can not, by abandoning its execution midway and leaving things in a dangerous condition, exempt himself from liability to any person who suffers injury by reason of his having so left them without proper safeguards. This is not nonfeasance or doing nothing, but it is misfeasance, doing improperly." In that case the agent was held liable by the fall of a tackle-block and chains from an iron rail suspended from the ceiling of a room, which fell for the reason that the agent had suffered them to remain in such a manner and so unprotected that they fell upon and injured the plaintiff. In Bell *v.* Josselyn, 3 Gray, 309 (63 Am. Dec. 742), Metcalf, J., said: "Assuming that he was a mere agent, yet the injury for which this action was brought was not caused by his nonfeasance, but by his misfeasance. Nonfeasance is the omission of an act which a person ought to do; misfeasance is the improper doing of an act which a person might lawfully do. . . The defendant's omission to examine the state of the pipes, . . before causing the water to be let on, was a nonfeasance. But if he had not caused the water to be let on, that nonfeasance would not have injured the plaintiff."

In the present case the failure of the engineer to comply with the requirements of the blow-post law was not doing, but the running of the train over the crossing at a high rate of speed without giving the signals required by law was a positive act, and the violation of a duty which both the engineer and the railroad company owed to travelers upon the highway. The engineer having once undertaken in behalf of the principal to run the train, it was incumbent upon him to run it in the manner prescribed by law; and a failure to comply with the law, although it involved an act of omission, was not an act of mere nonfeasance, but was an act of

misfeasance. This view is strengthened by the fact that the blow-post law renders the engineer indictable for failure to comply with its provisions. The allegations of the petition were therefore sufficient to charge O'Neal with a positive tort, for which the plaintiff would be entitled to bring her action against him.

2. The engineer may be sued, and the railway company is also liable to suit, on account of his conduct. Can the engineer and the railway company be jointly sued when the sole ground of the liability of the railway company is the act of the engineer himself? While the case of *Central Railway Company* v. *Brown*, 113 *Ga.* 414, is not identical with this case in its facts, it is controlling in principle. In that case the railway company and a passenger were sued jointly for an assault upon another passenger, in which the conductor took part. The liability of the railway company resulted solely from the act of the conductor. It was held that the railway company and the passenger who participated with the conductor in the assault could be jointly sued. It is unnecessary to add anything to the reasoning in that case. It is conclusive upon the question now before us.

3. Suits against foreign railroad companies for causes of action originating in this State must be brought in the county where the cause of action originated, if the company has an agent in that county. If the foreign corporation is operating under a domestic franchise and there is no agent in the county where the cause of action originated, suit may be brought in the county of the residence of the company owning the franchise. But if it is not operating under a domestic franchise, it has no residence in this State, within the meaning of the Civil Code, §2334. If an action against such a company is instituted in this State, it must be brought in the county where the cause of action originated, without reference to whether there is an agent in that county or not. *Hazlehurst* v. *Seaboard Air-Line Ry.*, 118 *Ga.* 858; *Coakley* v. *Southern Ry. Co.*, 120 *Ga.* 960. The petition alleges distinctly that the cause of action arose in the county of Gwinnett, and that the company has an agent in that county. A suit against the company alone would therefore have to be brought in that county. A suit against O'Neal alone would have to be brought in the county of Fulton. The constitution declares that suits against joint trespassers residing in different counties may be tried in either county. Civil Code,

§ 5872. Here we have a joint liability. O'Neal resides in Fulton county. The question is whether the Southern Railway Company has such a residence in Gwinnett county that a joint suit may be maintained in that county against it and O'Neal, who is a nonresident of the county. The determination of this question depends upon whether under the laws of this State the Southern Railway Company is a resident of Gwinnett county within the meaning of the constitutional provision above referred to. "The constitution in fixing the venue of suits against joint defendants was intended to be exhaustive, and not to leave a hiatus in which the right to bring a single suit against joint defendants might be lost because of the want of jurisdiction to apply the remedy." *Cox* v. *Strickland,* 120 *Ga.* 104. If the Southern Railway Company does not reside in Gwinnett county within the meaning of this section of the constitution, then the railway company and O'Neal can not be jointly sued in that county. Neither can they be jointly sued in Fulton county; for the jurisdiction depends not only upon the residence of one of the defendants in the county where suit is brought, but also upon the residence of the other defendant in another county in this State, the constitution declaring that "joint trespassers *residing* in different counties" may be sued in either county. The Southern Railway Company is engaged in doing business in this State, and has agents located here for that purpose, and it is, so far as the right to sue it is concerned, a resident of the State. *Reeves* v. *Southern Ry. Co.,* 121 *Ga.* 561. It has a residence in Gwinnett county so far as the right to bring a suit against it for a cause of action originating in that county is concerned. Within the true intent and spirit of the constitutional provision, it therefore resides in Gwinnett county. So residing, it may be sued there alone on a cause of action originating in that county, or it may be there sued jointly with other wrong-doers, who are also residents of this State in other counties.

4. O'Neal being a resident of this State, the right to remove the case to the circuit court of the United States depends upon whether there is a separable controversy between the railway company and the plaintiff. It is claimed that there is. It is said that the railway company had located two warehouses within two feet of the tracks, and that the warehouses obstructed the sound of approaching trains, and likewise the view, and that this was an act of negli-

gence on the part of the railway company, in which O'Neal did not at all participate, and this act of negligence made a separable controversy between the plaintiff and the railway company, independently of O'Neal's act in failing to comply with the blow-post law. We can not concur in this view. We do not think that the petition, properly construed, alleges that the manner in which the warehouses were constructed and located was an act of negligence on the part of the railway company. It is nowhere in the declaration distinctly alleged as an act of negligence. It is in that part which deals with the question of the exercise of proper care and diligence on the part of the plaintiff's husband, and gives a reason why he was not negligent in approaching the crossing. The location of the warehouses and the effect of the warehouses in obstructing the sound and view of an approaching train were alleged merely by way of inducement, and not as a ground of recovery. Construing the petition as a whole, the plaintiff seeks to recover alone upon the negligence of the railway company and engineer on account of the failure to comply with the requirements of the blow-post law. Since this case was argued, the Supreme Court of the United States, on January 2, 1906, in the case of Ala. Great Southern Ry. Co. v. Thompson, 26 Supreme Court Reporter, 161, rendered a decision on the right of removal in a case similar in many respects to the one now under consideration. We have had before us a certified copy of the opinion which was prepared by Mr. Justice Day. While the court seems to have left open the question as to whether it would hold that a suit against a railway company and an engineer upon facts similar to those in the present case was properly brought as a joint cause of action, still it was distinctly held, that, in determining the question of removal to the circuit court of the United States, the cause of action must be deemed joint if the pleader in the State court has made it joint; and that there would then be no separable controversy between the railway company and the plaintiff which would authorize a removal of the case to the Federal court. See also Cincinnati &c. Railway Company v. Bohon, 26 Sup. Court Rep. 166. The petition in the present case clearly sets forth a joint cause of action. We have reached the conclusion that under the facts alleged there was a joint cause of action. It is clear, therefore, that the case was not removable, if we have construed the

petition properly as to the location of the warehouses. We do not think there was any error in refusing to pass an order of removal.

*Judgment affirmed. All the Justices concur.*