788.   MORRIS *v.* GEORGE, ordinary, for use, etc.

The principals in an administrator's bond on which a non-resident fidelity-
insurance company is surety may be joined with the surety in a suit
brought in any .county wherein jurisdiction over the surety may be
obtained.

Action on bond, from city court of Atlanta—Judge Reid. Sep-
tember 9, 1907.

     Argued December 18, 1907.—Decided January 15, 1908.

     *W. H. Terrell,* for plaintiffs in error. • *Ben. J. Conyers,* contra.

POWELL, J. The administrator's bond sued on in this case was
executed by Messrs. Morris, as principals, and the National Surety
Company of New York, as surety. The administrators reside in
DeKalb county, the surety company in New York; but it has an
office and an agency in Fulton county, though not in DeKalb
county, where the decedent resided at the time of his death. The
suit was located in Fulton county. The point is made that the
courts of Fulton county were without jurisdiction, that venue was
confined to DeKalb county. Taken together, the decisions in the
cases of *Reeves* v. *Southern Ry. Co.,* 121 *Ga.* 561 (49 S. E. 674),
*Equity Life Asso.* v. *Gammon,* 119 *Ga.* 271 (46 S. E. 100), and
*Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 735 (53 S. E. 244, 110 Am.
St. R. 191), seem to necessitate the conclusion that where residents

and non-residents are joint obligors, the suit against them may be brought in any county in the State in which jurisdiction can be obtained over the non-resident defendant. See also *Saffold* v. *Scottish American Co.*, 98 *Ga.* 785, 787 (27 S. E. 208). In this case the non-resident defendant is a fidelity-insurance company, and venue of suits against such companies may be laid according to section 2145 of the Civil Code; and section 2144 is merely cumulative. See also §§2068, 2057. The city court of Atlanta properly took jurisdiction. There is no merit in the other exceptions appearing in the record. *Judgment affirmed.*