CENTRAL OF GEORGIA RAILWAY CO. *v.* KING BROTHERS & CO. *et al.*

FISH, C. J. 1. A writing executed by an employee of a railway company recited that "I hereby sell, transfer, and assign to King Bros. & Co., doing business in the city of Atlanta, Georgia, my account for salary or wages already earned by me during the month of May, 1910, and amounting to $27.75, and due me by Central of Georgia Railway Co. I hereby direct my said employer to pay to King Bros. & Co. said account amounting to $27.75. This is an absolute and unconditional sale of said account, and is not a loan or advance of money, and is not a discount; I am not a debtor to the purchaser; this is an original transaction, and is not a renewal or extension of any kind." *Held,* that the instrument is an assignment of the legal title to the particular money therein specified, and is not a partial assignment of a general fund belonging to the assignor in the hands of the railway company, and therefore is not governed by the law as to equitable assignments.

2. The venue of the action brought by the assignee in the instrument above referred to against the Central of Georgia Railway Company and the assignor, in which the petition prayed for a judgment against the company for the amount named in the assignment, that the salary account of the assignor while in the employment of the company, to the extent of the sum stated in the assignment, " be decreed to be in " the plaintiff, and that the company "be. required to pay the same over to" the plaintiff, "free from costs," was not in the county of Fulton, wherein the assignor resided when the action was instituted, but was in the county of Chatham; as the charter of the Central of Georgia Railway Company, granted by the legislature, fixes the principal office of business of such company in the city of Savannah, Chatham county. It does not appear from the petition that the contract of employment by the company of the assignor was either executed or to be performed in Fulton county (if that would give jurisdiction there as to the company), or that the assignor had ever denied the validity of such assignment, or made any contention that the plaintiff was not entitled to the sum assigned. The fact that the assignee served written notice of the assignment upon · an agent of the company stationed in Fulton county, and demanded payment of such agent of the amount

24

stated in the assignment, did not give the court of that county juris-
diction of the company. Under the allegations of the petition, the as-
signor was neither a necessary nor a proper party to such action, and
the joining of him as a codefendant therein with the railway company
did not give jurisdiction of the company to a court of his resi-
dence.

3. The trial judge erred in refusing to sustain an appropriate demurrer
made by the railway company in such action, challenging the juris-
diction of the superior court of Fulton county as to the company.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*
JANUARY 11, 1912.

Complaint. Before Judge Bell. Fulton superior court. Octo-
ber 14, 1910.

*M. F. Goldstein* and *Payne, Little & Jones,* for plaintiff in
error. *R. B. Blackburn,* contra.