7362　KING BROTHERS & Co. *v.* CENTRAL OF
GEORGIA RAILWAY CO.

HODGES, J. 1. The assignment of the salary of the assignor, an employee of the defendant, was not a partial assignment.

2. The question as to the jurisdiction of the municipal court of Macon is settled by the decision of the Supreme Court in the case of *Central of Georgia Railway Co.* v. *King*, 137 *Ga.* 369 (73 S. E. 632).

*Judgment affirmed.*

DECIDED SEPTEMBER 21, 1916.

Complaint; from municipal court of Macon—Judge Chambers. March 10, 1916.

King Brothers & Company sued the Central of Georgia Railway Company in the municipal court of Macon on an assignment

of wages of an employee of the defendant. The case came to the Court of Appeals on exceptions to the dismissal of the suit on demurrer, based on the following grounds: (1) It appears from the petition that the municipal court of Macon has no jurisdiction of the action, but that the venue is in the courts of Chatham county, Georgia, only. (2) The petition shows that the assignment is a partial assignment only, and this court, not being a court of equity, can not entertain the action.

The petition alleges, that the defendant is a corporation with an agency and place of business located within the limits of the City of Macon in this State, and is subject to the jurisdiction of the municipal court of Macon; that the defendant is indebted to the plaintiffs in the sum of $38.50, under the following facts: Will Easter was an employee of the defendant during the month of August, 1915. He was performing his duties as an employee of the defendant within the said State and in the county of Bibb under an existing contract made in the said county, and, while so employed during the said month, he earned as salary or wages the sum of $38.50; and on September 6, 1915, in consideration of $35 cash paid to him by the plaintiffs, he executed and delivered to the plaintiffs a sale, transfer, and assignment of the said earned wages or salary, amounting to $38.50, and thereby vested in the plaintiffs the legal title of the said salary or wages. Written notice of this assignment was served on the defendant by the plaintiffs on September 8, 1915, at which time the defendant was in possession, custody, and control of the said August salary or wages and had not paid the same to Will Easter or to the plaintiffs, or to any one else authorized by either to receive the same. Demand for payment of the assignment has been duly made on the defendant, and it refuses to pay the same. The said sale and transfer was a total assignment of a specific fund and was not a partial assignment of a general fund in the hands of the defendant, and the legal title to the said fund is in the plaintiffs.

The assignment, a copy of which is attached to the petition, is as follows: "Macon, Ga., Sept. 6th, 1915. In consideration of the sum of $35.00 cash in hand this day paid me, the receipt of which is hereby acknowledged, I hereby sell, transfer, and assign to King Bros. & Co., doing business in the City of Macon, Georgia, my account for salary or wages already by me earned during the

month of August and amounting to $38.50, and due me by Central of Georgia Railway Company. I hereby direct my employer to pay to King Bros. & Co. said account amounting to $38.50. This is an absolute and unconditional sale of said account, and is not a loan or advance of money, and is not a discount; I am not a debtor to the purchaser; this is an original transaction, and is not a renewal or extension of any kind. In order to induce King Bros. & Co. to make the purchase of this account at and for the above amount of money paid me, I hereby state and warrant to be true that I am employed by Central of Georgia Railway Company in the capacity of switchman, that I was so employed during the month of August, 1915, and while so employed I earned as salary or wages the sum of $38.50, that there are no offsets or counterclaims against said account, that there are no orders, drafts, garnishments, or attachments outstanding in any way affecting said account, and that said account is just, true, due, and unpaid, and that I have not heretofore sold or transferred the same. I hereby authorize the purchaser of this account, in my name and stead and as my attorney in fact, to sign any and all checks, vouchers, receipts, and acquittances necessary and proper to be signed in order to collect said account and to evidence payment of the same. In testimony of all which I hereto set my hand and affix my seal, this 6th day of Sept., 1915.                [Signed]   Will Easter."

*Clark G. Hardeman,* for plaintiffs.

*Newman & Newman,* for defendant.