KING *et al. v.* ATLANTIC COAST LINE RAILROAD COMPANY *et al.*

1. An equitable action against a foreign railway corporation and its employee, instituted by an assignee to enforce a partial assignment by the employee of wages due him by said company, can be brought in a county other than the one in which the contract of employment between such company and employee was made or was to be performed, if such company has agents and a place of business in such county, although the employee resides in the county where such contract was made and was to be performed, and although such company has agents and a place of business in such county.

2. The allegation in the petition that the company maintains, in the county where suit is brought, agents upon whom service of process may be had, is sufficient, in the absence of a special demurrer calling for more specific information upon this subject, to show that the corporation is present in such county and is conducting therein the business or some part thereof for which it was incorporated, and is therefore subject to the jurisdiction of the court.

No. 4912. AUGUST 14, 1925.

Equitable petition. Before Judge E. D. Thomas. Fulton superior court. May 7, 1925.

R. D. and C. S. King, doing business as the Chatham Brokerage Company, brought in Fulton superior court their equitable action against the Atlantic Coast Line Railroad Company and M. Morrison. As amended the petition made the following allegations: For a valuable consideration they had purchased a part of the wages earned by M. Morrison as a car-repairer in the employment of said company, and had taken a salary assignment therefor. They are unable to state positively the amount due by the company to Morrison at the time of said assignment. Not having access to the records of the railway company, they are unable to state the identical amount due to Morrison by said company on the date of the execution of said assignment. They are unable to state what amount of money will be due him by said company on the date the sum of money bought by them will become due and payable. Said amount will be a greater amount than the amount of money sold by Morrison to them. Petitioners gave notice of said assignment to said company. Said company refuses to honor and recognize assignments by their employees of their salaries. All moneys due by said company to Morrison at the time of the bringing of this suit were earned by way of salary and wages by him as an employee of said company, and were earned for work done in Savannah, Chatham County, Georgia. All of said moneys are due and payable at said place. The contract of employment under which said moneys were earned was made in said county. Said assignment of his salary to them by Morrison was made and to be performed in said county. Petitioners do business and are domiciled in Fulton County, Georgia. The Atlantic Coast Line Railroad Company is a railroad corporation of the State of Virginia. It operates a line of railroad in Georgia, including a line into Savannah. It has no line of railroad in Fulton County, Georgia, but did maintain at all times agents both in Fulton and Chatham Counties upon whom service of processes might be had. At the time of bringing this cause Morrison was a resident of Savannah, Chatham County, Georgia. Petitioner has no remedy at law. By reason of the facts above stated, this court should take jurisdiction of the matters and things herein presented, in order that exact justice should be done to all parties concerned. Their joint interest with Morrison in the account due by the railway company entitles them to proceed

against each defendant in this suit in an equitable proceeding, in order that the interests of all parties in the matters and things herein described should be brought before the court and a decree rendered in this suit binding all the parties. They prayed for discovery from the railway company as to the amount due Morrison by said company, and that a decree be rendered in their favor against the company for the amount due them under said assignment.

The railway company demurred to the petition, on the grounds: (1) that it sets up no legal or equitable cause of action against it; (2) that the petition shows that Fulton superior court has no jurisdiction of the subject-matter of this suit, but that such jurisdiction is in the superior court of Chatham County of this State; (3) that the petition fails to allege that this defendant has failed or refused to pay over to petitioners the sum of money called for by said assignment. The defendant demurred specially on several grounds. The court below sustained the demurrer attacking the jurisdiction of Fulton superior court, and on this ground dismissed the petition. The court did not pass upon any other ground of demurrer. To this judgment the petitioner excepted.

*R. R. Jackson* and *W. C. Kemp,* for plaintiffs.

*Alston, Alston, Foster & Moise,* for defendants.

HINES, J. (After stating the foregoing facts.)

1. The controlling question for the decision of this court is this: Must an equitable action against a foreign railway corporation and its employee, instituted by an assignee to enforce a partial assignment by the employee of wages due him by said company, be brought in the county where the contract of employment between such company and employee was made or was to be performed, such company having a place of business in said county and its employee residing therein; or can· such action be maintained against such company and employee in any county in this State where the company has an agent and place of business? Counsel for the plaintiffs insist that this suit was properly brought in the superior court of Fulton County, where the railway company had agents and a place of business. They base this contention upon the provision of the State constitution which provides that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Civil Code

(1910), § 6540. Counsel for the railway company insist that this is a suit upon a contract, and must be brought in the county where the contract of employment between the company and its employee was made and was to be performed. They base this contention upon § 2798 of the Civil Code (1910), which declares that "All railroad companies shall be sued in the county in which the cause of action originated, by any one whose person or property has been injured by such railroad company, its officers, agents or employees, for the purpose of recovering damages for such injuries; and also on all contracts made or to be performed in the county where suit is brought." Which of these contentions is correct? This section is applicable to foreign railroad corporations. *Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191). It is clear that if this were a suit at law upon a contract made by the railway company, it should have been brought in the county where it was made or to be executed. *Friedman* v. *Seaboard Air-Line Ry.,* 124 *Ga.* 472 (52 S. E. 763). A partial assignment of wages due by said company to its employee does not vest in the assignee such title to the portion of it assigned as can be enforced in a common-law action, unless the debtor assents to the assignment. Such an assignment is enforceable in equity, if all the parties at interest are before the court, so that the rights of each in the fund may be determined in one suit and settled by one decree. *Rivers* v. *Wright,* 117 *Ga.* 81 (43 S. E. 499); *King* v. *Central of Ga. Ry. Co.,* 135 *Ga.* 225 (69 S. E. 113, Ann. Cas. 1912A, 672). So this was a case in equity. Was it properly brought in Fulton County? In *Central of Georgia Ry. Co.* v. *King,* 137 *Ga.* 369 (73 S. E. 632), this court held that an action upon a total assignment of wages due by a railway company to an employee was not an equitable assignment; and that an action brought by the assignee against the railroad company could not be brought in the County of Fulton, where the assignor resided when the action was instituted, but should be brought in the County of Chatham, where the charter of the company fixed the principal office or place of business of such company. In that case it was held that the assignor was neither a necessary nor a proper party to such action, and the joining of him as a codefendant with the railway company did not give jurisdiction of the company to a court of the county of his residence. In other words,

this court held that the action was one at law upon the assignment of wages earned under a contract of employment which it did not appear was made or to be performed in Fulton County, where the suit was brought, even if such fact would have given jurisdiction to the court in Fulton County. This ruling was doubtless based upon the ground that the action was one at law by an assignee of a contract, and upon such contract; and as it did not appear from the declaration where the contract was made or to be performed, it would be presumed that it was made by the company at its principal office or place of business, which was located in Chatham County, or was to be there performed. This being so, the action could not be brought in Fulton superior court.

We think that § 2798 of the Civil Code is properly applicable to actions at law against railroad companies for the recovery of damages to persons or property, and to actions at law upon contracts made or to be performed by such company. This section is applicable when the action is based directly upon the contract, and is brought upon the law side of the court. It is not controlling when the contract is the basis of an equitable action instituted to enforce some right growing out of the contract. It does not undertake to fix the venue of suits in equity. The venue of such suits is fixed by the constitutional provision which is set out above. As we have seen, an action by an assignee against the railroad company and its employee, which involves the partial assignment of wages due by said company to its employee, is an equitable action, or a case in equity, to which both the company and the employee are necessary parties. In such an action substantial relief is sought both against the company and the employee. Being an equity case, it could be brought in the county of the residence of either defendant against whom substantial relief is sought. A foreign railway company can have a residence in this State, which will subject it to suit in the courts. Whenever it is present in any county of this State conducting therein a part of the business for which it was organized, it becomes a resident of such county. *Vicksburg, Shreveport & Pacific Ry.* v. *DeBow,* 148 *Ga.* 738 (98 S. E. 381) ; *Southeastern Dist. Co.* v. *Nordyke & Marmon Co.,* 159 *Ga.* 150 (125 S. E. 171). In such circumstances an equitable action can be brought against it and one of its employees in such county, when substantial relief is prayed against both. A contrary

ruling would enable a party to maintain a case in equity against a railroad company in a county in which no defendant resided against whom substantial relief was sought. For instance, if an insolvent foreign railroad company should by contract sell and by its deed, both being made in the County of Fulton, convey to A, of the County of Cobb, its real estate located in the County of Chatham, for the purpose of hindering, delaying, and defrauding its creditors, and if a creditor of such company, after having obtained judgment against it and after entry of nulla bona on the execution issuing on such judgment, should bring suit against the company and its grantee to set aside and cancel such contract of sale and conveyance, such equitable action could be brought in the superior court of Fulton County, although both defendants resided in other counties, under the contention that an equity action instituted to enforce rights under a contract should be brought in the county where the contract was made or to be performed. Many like instances could be cited. One is sufficient to illustrate the view which we entertain. The defendant Morrison, although a resident of the County of Chatham, could be properly joined with the railroad company as a defendant in such suit.

So we are of the opinion that the suit in this case was properly brought in the superior court of Fulton County, as the railroad company was a resident of this county in contemplation of law, and as substantial relief was sought against it. It follows that the court erred in sustaining the demurrer to the petition solely on the ground of want of jurisdiction over the railway company.

2. The point is not raised by the demurrer, and it is not insisted upon by counsel for the railway company, that the allegations of the petition are not sufficient to show that the railway company is a resident of Fulton County. The petition does allege that this company maintains in Fulton County agents "upon whom service of processes might be had." This necessarily implies that this company is present in Fulton County by its agents, and is conducting therein the business for which it was incorporated. Otherwise service of process against the company could not be had upon such agents. If the company wished more definite allegations showing its residence in Fulton County, it should have called for such fuller and clearer statements by a proper special demurrer.                *Judgment reversed. All the Justices concur.*