## 24350. BOONE COMPANY *v.* OWENS *et al.*

STEPHENS, J. 1. Since, as provided in the "motor common-carrier act of 1931," (Ga. L. 1931, p. 199, 205, sec. 13), an action against a motor common carrier, except where the constitution of this State otherwise provides, "may be brought and maintained in any county or militia district where the action could be brought if the defendant were a railroad company being sued upon a like cause of action," and "if the defendant or defendants or any of them be not found for service in the county or militia district, as the case may be, where the action is brought, second original or originals may issue and service be made in any other county where the service can be made upon the defendant or defendants or his, its, or their agents," a motor common carrier, doing business as such within this State by being engaged in the business of trucking, hauling, and transporting with automobile trucks over various public highways, is subject to be sued, as is a railroad company, as is provided in the above-mentioned act and also in section 94-1101 of the Code of 1933 (Code of 1910, § 2798), referring to railroad companies, in any county in this State in which the cause of action originated, for dam-

ages for any injury to person or property by the operation of the vehicles of such motor common carrier, although it may not have an agent in that county upon whom service of the suit may be perfected. Although a motor common carrier may be a non-resident corporation, yet since it is engaged in doing business in this State, and has agents in the State for that purpose, it is, as in the case of a non-resident railroad corporation doing business in this State, as was held in *Southern Ry. Company* v. *Grizzle*, 124 *Ga.* 735 (53 S. E. 244), "so far as the right to sue is concerned, a resident," of this State, and a resident of the county in which the cause of action originated, "so far as the right to bring a suit against it for a cause of action originating in that county is concerned," and, being a resident of that county for the purpose of suit, a joint tortfeasor, notwithstanding he may reside in another county of this State, may be sued jointly with the motor common carrier in the county in which the cause of action originated as provided in art. 6, sec. 16, par. 4, of the constitution of this State (Code of 1933, § 2-4304, Code of 1910, § 6541), for a suit in either county against "joint trespassers residing in different counties." See *Savannah &c. Ry.* v. *Atkinson*, 94 *Ga.* 780 (3) (21 S. E. 1010).

2. Where a suit is brought against a motor common carrier which is a non-resident corporation doing business as a common carrier in this State under the motor common-carrier act approved August 27, 1931 (Ga. L. 1931, p. 199), and also against an individual, as joint tortfeasors, to recover damages for the homicide of the plaintiff's husband, alleged to have been caused by the negligence of both defendants in the operation of the motor carrier's truck solely by and from the negligent acts and conduct of the other defendant as the servant and agent of the motor common carrier in the operation of the truck, and the suit is brought in the county in which the cause of action originated, although the individual codefendant resides in another county in this State, the court in which the suit is brought has jurisdiction of both defendants; and the suit, not being a separable controversy as against the motor common carrier, is not subject, at the instance of the motor common carrier as a non-resident defendant, to removal to the United States court upon the ground of diverse citizenship between it and the plaintiff, a resident of this State.

3. The court did not err in overruling the motion of the defendant motor common carier to remove the case to the United States court.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 16, 1935.

*Haas, Gambrell & Gardner,* for plaintiff in error.
*Morris & Welsch, Charles D. Hurt,* contra.