31410. QUINTON v. AMERICAN THREAD COMPANY et al.

DECIDED OCTOBER 26, 1946.

*Hardin & McCamy*, for plaintiff in error.

*Mitchell & Mitchell, Pittman & Hodge, W. M. Henderson*, contra.

FELTON, J. Mrs. Nellie Chambers Rice instituted an action for damages, based on a joint cause of action, against American Thread Company, a non-resident corporation with an agent, office, and place of business in Whitfield County, Georgia; and against W. S. Dickey Clay Manufacturing Company and Carl Alfred Gaines, non-resident motorists; and against T. J. Quinton, a resident of Murray County, Georgia. The suit was filed in the Superior Court of Whitfield County, Georgia. The cause of action allegedly arose in Murray County. Quinton filed a demurrer to the petition on the ground that Murray County and not Whitfield County was the proper venue of the action. The court overruled the demurrer, and Quinton excepted.

The Supreme Court has several times held that a non-resident corporation is for purposes of suit a resident of the county in Georgia in which it has an office, agent, and place of business, and has held in one case that a joint action lies against it and a resident of Georgia in the county in which the corporation has an agent, office, and place of business, even though the joint defendant resides in another county. *Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191). As stated in that case, there could otherwise be no joint action against a non-resident and a resident because the Constitution only authorizes joint suits against persons residing in counties of the State. The statement that a non-resident is a resident for purposes of suit is made in the following cases, among others: *King* v. *Atlantic Coast Line R. Co.,* 160 *Ga.* 842 (129 S. E. 86); *Southern Ry. Co.* v. *Grizzle,* supra; *Hirsch* v. *Shepherd Lumber Corp.,* 194 *Ga.* 113 (20 S. E. 2d, 575). Rulings similar to that of the *Grizzle* case have also been made by this court in several cases, some of which are *Southern Ry. Co.* v. *Sewell,* 18 *Ga. App.* 544 (90 S. E. 94); *Boone Co.* v. *Owens,* 51 *Ga. App.* 739 (181 S. E. 519). See also *Carlan* v. *Fidelity & Casualty Co.,* 183 *Ga.* 715 (189 S. E. 527). Under the foregoing authorities, the court did not err in overruling the demurrer.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*