34533. JONES *v.* CHANDLER, by next friend, *et al.*

DECIDED MAY 2, 1953.

*Nall & Sterne, Haas, Hurt & Peek, A. Paul Cadenhead,* for plaintiff in error.

*Poole, Pearce & Hall, C. A. Herbig,* contra.

SUTTON, C. J. Colquitt L. Chandler III, a minor, by his father as next friend, filed this action in the Superior Court of Fulton County against Complete Auto Transit, Inc., a foreign corporation with an office, agent, and place of doing business in Fulton County, designated as defendant carrier, American Fidelity & Casualty Company, a foreign insurance corporation with an office, agent, and place of doing business in Fulton County, and Cecil H. Jones, a resident of Clayton County, Georgia, and, for the purpose of the question here to be determined, alleged substantially: that the defendant carrier was a motor common carrier engaged in both interstate and intrastate commerce on the public highways of this State; that said defendant carrier had given and had had approved by the Public Service Commission of Georgia a policy of indemnity insurance as provided by law in such instances; and that the defendant Jones was an employee of the defendant carrier and was operating its tractor-trailer on the public highway leading from Albany, Georgia, to Leesburg, Georgia, when the plaintiff was injured in Lee County, Georgia, on account of certain acts of negligence of said Jones in the operation of the defendant carrier's trailer truck.

The defendant Cecil H. Jones demurred to the petition on the ground that it appeared that the other two defendants were non-resident corporations, each with an agent and place of doing business in Fulton County, and that he was a resident of Clayton County, Georgia; and he invoked his constitutional right to

be sued in the county of his own residence. His demurrer in this respect was overruled, and he excepted to that judgment.

The plaintiff in error's contention, that this suit in Fulton County should have been dismissed as to him on demurrer because he is a resident of Clayton County, cannot be sustained. It is alleged that the other two defendants are foreign corporations, each with an office, agent, and place of doing business in Fulton County; and the plaintiff in error, the individual defendant, is sued as a joint tortfeasor with the defendant carrier. Art. VI, sec. XIV, par. IV of the Constitution of 1945 (Code, Ann., § 2-4904) provides: "Suits against joint obligors, joint promissors, copartners, or joint trespassers, residing in different counties, may be tried in either county."

A foreign corporation has a residence in any county in this State, for the purpose of being sued, where it has an office and a place of doing business; and the two corporate defendants in this case were residents of Fulton County for the purpose of this suit. It was said in *Louisville & N. R. Co.* v. *Meredith*, 194 *Ga.* 106, 108 (21 S. E. 2d, 101), quoting from *Saffold* v. *Scottish American Mortgage Co.*, 98 *Ga.* 785, 787 (27 S. E. 208): "A foreign corporation doing business in this State may for purposes of suit be treated as a resident of this State and of any county therein in which it has an agent upon whom service can be perfected"; and from *King* v. *Atlantic Coast Line R. Co.*, 160 *Ga.* 842, 846 (129 S. E. 86): "A foreign railway company can have a residence in this State, which will subject it to suit in the courts. Whenever it is present in any county of this State conducting therein a part of the business for which it was organized, it becomes a resident of such county." It was held in *Boone Co.* v. *Owens*, 51 *Ga. App.* 739, 740 (181 S. E. 519): "Although a motor common carrier may be a non-resident corporation, yet since it is engaged in doing business in this State, and has agents in the State for that purpose, it is, as in the case of a non-resident railroad corporation doing business in this State, as was held in *Southern Ry. Company* v. *Grizzle*, 124 *Ga.* 735 (53 S. E. 244), 'so far as the right to sue is concerned, a resident,' of this State, and a resident of the county in which the cause of action originated, 'so far as the right to bring a suit against it for a cause of action originating in that county is concerned,'

and, being a resident of that county for the purpose of suit, a joint tortfeasor, notwithstanding he may reside in another county of this State, may be sued jointly with the motor common carrier," in said county under the provision of the Constitution above quoted.

The legislature, under the Constitution, has the power to declare the residence of a corporation. *Martin & Thompson* v. *Allen,* 188 *Ga.* 42, 44 (2 S. E. 2d, 668); *Speed Oil Co.* v. *Aycock,* 188 *Ga.* 46, 48 (2 S. E. 2d, 666). It was held in *Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 735 (3) (53 S. E. 244, 110 Am. St. R. 191): "A foreign railroad company operating in this State and an engineer in its employment may be jointly sued in the county in which the cause of action originated, even though the residence of the engineer be in another county in this State." Also see *Morris* v. *George,* 3 *Ga. App.* 413 (59 S. E. 1116); *Southern Ry. Co.* v. *Sewell,* 18 *Ga. App.* 544 (90 S. E. 94); *Smith* v. *Heath & Co.,* 33 *Ga. App.* 507 (126 S. E. 898).

Under the allegations of the petition, the defendant carrier and the individual defendant were joint tortfeasors, and venue of the suit as to both could be laid in the county of either of them. Code (Ann.) § 2-4904, supra. Under such circumstances, the provision of the Constitution as contained in Code (Ann.) § 2-4906, to the effect that a defendant is entitled to be sued in the county of his residence, does not apply.

The cases of *Hays* v. *Jones,* 81 *Ga. App.* 597 (59 S. E. 2d, 404), *Lowe* v. *Roberts,* 59 *Ga. App.* 890 (2 S. E. 2d, 748), and *Benton Rapid Express Co.* v. *Johnson,* 202 *Ga.* 597 (43 S. E. 2d, 667), are not applicable or controlling in the present case.

The court did not err in overruling the demurrer of the defendant Cecil H. Jones.

*Judgment affirmed. Felton and Worrill, JJ., concur.*