## 50884. NELSON ASSOCIATES, LTD. v. GRUBBS.

QUILLIAN, Judge.

Plaintiff (appellee) brought his action for damages arising out of an alleged breach of contract on the part of the defendant (appellant). Suit was filed in Sumter Superior Court, the complaint alleging that the defendant was a limited partnership with its principal place of business in Pennsylvania; that the defendant owned real estate in Sumter County; that defendant was subject to the jurisdiction of the lower court by virtue of the Georgia Long Arm Statute (Code Ann. § 24-113.1 et seq.; Ga. L. 1966, p. 343; 1970, pp. 443, 444); that the contract in question was to be performed in Sumter County. It was further shown from the partnership agreement that the 3 limited partners were residents of Pennsylvania and New Jersey and the complaint alleged that the general partner was a resident of Trenton, Georgia, in Dade County.

As set forth in plaintiff's brief and agreed to by the defendant, "appellant moved to dismiss the complaint, alleging, inter alia, that Sumter Superior Court was without jurisdiction over the defendant limited partnership, since the complaint shows on its face that the only general partner is a resident of Dade County, Georgia and none of the partners is a resident of Sumter County; and, on the same facts, that Dade County, rather than Sumter County, is the proper venue for the action. It was agreed that the trial court, for purposes of jurisdiction and venue, need not look outside the allegations of the complaint, there being no question of the status of the defendant as a limited partnership and of the residence at all pertinent times of the general partner."

The trial judge denied the motion and upon a certificate for review being entered appeal was taken to this court. *Held:*

The defendant contends that there is no basis for treating a limited partnership differently from an ordinary one, stating: "The conclusion is inescapable that the legislature intended to apply the same rules in that area as are effective for a common law partnership." We agree. However, we do not reach the conclusion urged upon us that venue was improper.

Our Constitution provides: "Suits against joint obligors, joint promisors, copartners, or joint trespassers residing in different counties, may be tried in either county." Art. VI, Sec. XIV, Par. IV of the Georgia Constitution of 1945 (Code Ann. § 2-4904). See Code § 3-204. In construing this paragraph our court held in *Morris v. George,* 3 Ga. App. 413 (59 SE 1116): ". . . where residents and nonresidents are joint obligors, the suit against them may be brought in any county in the State in which jurisdiction can be obtained over the non-resident defendant." The same rule has been applied to joint tortfeasors. *Boone Co. v. Owens,* 51 Ga. App. 739 (181 SE 519); *Quinton v. American Thread Co.,* 74 Ga. App. 436 (40 SE2d 95); *Southern R. Co. v. Grizzle,* 124 Ga. 735 (53 SE 244). "Under the rulings of this court and of the Supreme Court, a non-resident corporation is for the purposes of suit a resident of the county of the State in which it has an office, agent, and place of business, and an action will lie against such corporation and a resident joint defendant tort-feasor in such county, even though the resident joint tort-feasor resides in a different county." *Quinton v. American Thread Co.,* 74 Ga. App. 436, supra.

There is no basis for a distinction as to partners who may be sued in the county of either. *Sloan v. Cooper,* 54 Ga. 486 (1). "A partnership may be sued in any county in which one of the partners has such a residence as will confer upon the courts of that county jurisdiction over his person, regardless of the place of his citizenship." *Pyron & Son v. Ruohs,* 120 Ga. 1060 (2) (48 SE2d 434).

Here, since members of the partnership were nonresidents (see Code Ann. § 24-117; Ga. L. 1968, pp. 1419, 1420) and other requirements of the Long Arm Statute having been met (see Code Ann. § 24-113.1; Ga. L. 1966, p. 343; 1970, pp. 443, 444, and Code Ann. § 24-116; Ga. L. 1966, pp. 343, 344; 1968, p. 1419; 1970, pp. 443, 445) venue could be laid in Sumter County.

The trial judge did not err in overruling the motion to dismiss.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED JUNE 26, 1975 — DECIDED SEPTEMBER 8, 1975 — REHEARING DENIED OCTOBER 2, 1975.

*Myers & Parks, John R. Parks,* for appellant.
*Crisp & Oxford, Henry L. Crisp, James C. Gatewood,* for appellee.