## 57528. PARKER v. RYDER TRUCK LINES, INC.

BIRDSONG, Judge.

Plaintiff brought this suit for property damage in the Superior Court of Stephens County. The complaint alleged that the vehicular collision which was the basis of the suit occurred in Laurens County. The complaint further alleged that defendant was a non-resident and that the venue was properly laid in Stephens County, the plaintiff's residence, under the Non-Resident Motorist Act, Code § 68-803. Defendant was served under the provisions of the latter statute. Thereafter, defendant moved to dismiss under CPA § 12 (b) (Code Ann. § 81A-112 (b)) for lack of personal jurisdiction and improper venue on the grounds that defendant was not a resident of Stephens County, but was a non-resident common carrier with a registered agent in Fulton County; and that defendant was subject to service of process and suit under Code § 68-618. The parties stipulated that the accident occurred in Laurens County; that plaintiff was a resident

of Stephens County; and that defendant was a non-resident common carrier with a registered agent for service of process in Fulton County. The trial court granted the motion for improper venue holding that defendant was not subject to suit under the Non-Resident Motorist Act; that service and jurisdiction over defendant as a non-resident common carrier were prescribed by Code § 68-618. *Held:*

A decision in this case will require us to construe Code § 68-618 (b) of the Motor Common Carrier Act, as amended in 1963. Ga. L. 1963, pp. 376-378. This part of the statute provides: "(b) Except in those cases where the State Constitution requires otherwise, any action against any resident or nonresident motor common carrier for damages by reason of any breach of duty, whether contractual or otherwise . . . *may* be brought in the county where the cause of action or some part thereof arose. . . The venue prescribed by this section shall be cumulative of any other venue provided by law." (Emphasis supplied.) The trial court in its order dismissing this suit relied on *Southeastern Truck Lines v. Rann,* 214 Ga. 813, 816 (108 SE2d 561). *Rann* held that one of the defendants in that case, a nonresident common carrier was not suable under the Non-Resident Motorist Act, Code § 68-618; that service and jurisdiction of foreign motor carriers were prescribed and controlled by the provisions of Code § 68-618. The *Rann* case however was decided in 1957, prior to the 1963 amendment to the Motor Common Carrier Act. The General Assembly in the amendatory legislation completely superseded Code § 68-618 (a) and (b). The last sentence of Code § 68-618 (b) appeared in the statute for the first time in the 1963 amendment. As noted above, it provides: "The venue prescribed by this section *shall be cumulative of any other venue provided by law."* (Emphasis supplied.) Plaintiff contends that this amendatory language means exactly what it says, that the venue and jurisdiction was permitted and was proper in Stephens County under the Non-Resident Motorist Act and specifically Code § 68-803. We agree. The latter permits suits against non-resident motorists in the county where the accident occurred or the county of residence of the plaintiff as the plaintiff may elect. To

apply the *Rann* holding here would render the language in the last sentence of the statute meaningless. It is the duty of courts in the construction of statutes to give effect to the intention of the legislature when it is ascertainable. Code § 102-102 (9); *Moore v. Baldwin County,* 209 Ga. 541, 545 (74 SE2d 449). In construing a statute, ordinary words must generally be given an ordinary signification. Code § 102-102 (1). Webster defines cumulative as ". . . increasing in size or strength by successive additions without coresponding loss." Webster's Third New International Dictionary. Applying this definition, it is plain to us that the General Assembly intended that venue of an action against non-residents could be maintained under the Non-Resident Motorist Act, supra, as well as the Motor Common Carrier Act, Code § 68-618 (b). This same construction was placed on this statute in *Record Truck Line v. Harrison,* 109 Ga. App. 653, 656 (137 SE2d 65). We stated in *Record:* "(b) Having determined that the service was perfected in accordance with the provisions of the statute and that the court had jurisdiction of the subject matter of the suit, the only question raised by the plea to the jurisdiction is that of venue. The provisions as to that are found in Code Ann. § 68-618 (b). While it is provided there that an action against a nonresident motor common carrier *may* be brought 'in the county where the cause of action or some part thereof arose,' this does not have the effect of restricting or limiting the venue in that respect. This provision does contemplate an action arising out of a transaction in this State, but even then it does not *require* that the action be brought in the county where it arose. If more were needed we have but to look to the last sentence of this section providing that 'The venue prescribed by this section shall be cumulative of any other venue provided by law.' " (Emphasis supplied.)

Venue was properly laid in Stephens County. The trial court erred in dismissing the complaint, and we reverse.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED APRIL 4, 1979 — DECIDED MAY 8, 1979 —

REHEARING DENIED JUNE 5, 1979 —

*Adams & Clifton, Alton M. Adams,* for appellant.
*John A. Dickerson,* for appellee.