A92A1921. GAULT et al. v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH.
(430 SE2d 63)

BLACKBURN, Judge.

This wrongful death action was filed in Fulton County by the administrators of the estates of Wendy Phillips and Stephen Bell and

the guardians of the decedents' minor children. Named as defendants were James Riffe, driver of the truck that collided with the decedents' vehicle; Ligon Nationwide, Inc. ("Ligon"), a motor common carrier and employer of Riffe; National Union Fire Insurance Company of Pittsburgh ("National Union"), Ligon's liability insurance carrier; the state Department of Transportation ("DOT"), which constructed and maintains the highway on which the collision occurred; and Van Etheridge, an employee of DOT. Ligon and Riffe raised the issue of improper venue and filed a motion to dismiss or transfer the action, and DOT and Etheridge filed a similar motion. Plaintiffs then added Dunlop Tire Corporation ("Dunlop"), manufacturer of the truck tires, as a defendant. The trial court ordered the action transferred to Monroe County as to all defendants but Dunlop and National Union. The trial court certified the transfer order for immediate review, and we granted plaintiffs' application for interlocutory appeal.

The accident out of which this action arises occurred in Monroe County when a tractor trailer driven by appellee Riffe crossed the median of I-75 and collided with Phillips' and Bell's vehicle. In their complaint, appellants allege that Riffe operated the truck in a negligent manner and that Ligon is liable for Riffe's negligence and for its failure to maintain the truck properly. They allege further that DOT and its agent Etheridge negligently designed and maintained the highway and median. Appellants' claim against Dunlop is stated in strict liability, and National Union is joined under OCGA § 46-7-12 (e).

Appellants contend that venue over appellees and the other defendants is proper in Fulton County. Riffe is a Kentucky resident. Ligon, a Kentucky corporation, is an interstate motor common carrier registered in Georgia under OCGA § 46-7-16 (a) with a registered agent (OCGA § 46-7-17 (a)) in Fulton County. Etheridge is a resident of Bibb County, and DOT is a department of the State of Georgia. National Union and Dunlop are foreign corporations registered to do business in Georgia, and each has a registered office and registered agent for service in Fulton County.

Venue for suits against individuals ordinarily lies in the county of the defendant's residence, and venue as to corporations, whether foreign or domestic, is established by statute. 1983 Ga. Const., Art. VI, Sec. II, Par. VI. Thus, we must determine whether any of the appellees are deemed residents of Fulton County by statute so as to be subject to suit in that venue, or, alternatively, whether appellees and the other defendants may be sued in Fulton County as joint tortfeasors pursuant to 1983 Ga. Const., Art. VI, Sec. II, Par. IV.

1. *Riffe*: As appellee Riffe has conceded on appeal, venue over him as a nonresident motorist is established by the Nonresident Motorist Act, OCGA § 40-12-1 et seq. OCGA § 40-12-3 provides, inter

alia, that actions brought under the Act "relating to the use of the highways of this state by nonresident motorists shall be brought in the county in which the accident or injury occurred or the cause of action originated. . . . Where [such an action] is brought against a resident of this state; any nonresident involved in the same accident or collision and who is suable under [the Act] may be joined as a defendant in the county wherein the resident defendant is suable. . . ." Pursuant to this provision, venue over Riffe is proper in Monroe County, where the collision occurred. For venue purposes Dunlop is deemed to reside in Fulton County, the site of its registered office, pursuant to OCGA § 14-2-510 (b) (1). The rupture of the tire manufactured by Dunlop is alleged to have "involved" Dunlop in the collision, and thus Riffe also may be sued in Fulton County as a joint defendant with Dunlop, a "resident defendant" under OCGA § 40-12-3.

2. *Ligon*: OCGA § 46-7-17 (b) provides that actions against nonresident motor common carriers may be brought in the county in which the cause of action arose. The statute, however, expressly states that the venue prescribed therein "shall be cumulative of any other venue provided by law." Consequently, our courts have held that venue over a nonresident motor common carrier also may be had in the county of its registered office, *Jones v. Chandler*, 88 Ga. App. 103 (76 SE2d 237) (1953); see *Thomas v. Bobby Stevens &c. Contractors*, 165 Ga. App. 710, 712-713 (302 SE2d 585) (1983); under the Nonresident Motorist Act, OCGA § 40-12-3; *Parker v. Ryder Truck Lines*, 150 Ga. App. 163 (257 SE2d 18) (1979); and under the constitutional joint tortfeasor provision. *Jones*, supra at 104-105. Thus, venue over Ligon is proper in Monroe County, where the accident occurred, under either OCGA § 46-7-17 (b) (nonresident motor common carrier) or OCGA § 40-12-3 (nonresident motorist). *Parker*, supra. Venue against Ligon also properly lies in Fulton County as the location of Ligon's registered office, *Jones*, supra, and as the residence of Dunlop, a joint defendant under the Nonresident Motorist Act, OCGA § 40-12-3, and a joint tortfeasor. See Division 3, infra.

3. *Etheridge*: As an individual defendant, Etheridge is subject to suit in Bibb County, the county of his residence. 1983 Ga. Const., Art. VI, Sec. II, Par. VI. In addition, the Supreme Court held in *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 53-54 (4) (414 SE2d 638) (1992) that because an action against a DOT employee for discretionary acts is actually a suit against the state, under OCGA § 32-2-5 (b) venue for such actions lies in the county where the cause of action arose. Accordingly, venue against Etheridge may be had in Fulton County only if he is an alleged joint tortfeasor with a defendant resident in Fulton County. See 1983 Ga. Const., Art. VI, Sec. II, Par. IV.

The test for joint tortfeasors was set forth in *Gilson v. Mitchell*,

131 Ga. App. 321 (205 SE2d 421) (1974), aff'd 233 Ga. 453 (211 SE2d 744) (1975): "[E]ven though voluntary, intentional concert is lacking, if the separate and independent acts of negligence of several persons combine naturally and directly to produce a single indivisible injury, and a rational basis does not exist for an apportionment of damages, the actors are joint tortfeasors." Id. at 330-331. When determining whether a joint tortfeasor relationship exists, if there was no concert of actions, we then look to the combined effect of the several acts. If the combined result is a single and indivisible injury, the tortfeasors are joint. *Gay v. Piggly Wiggly Southern*, 183 Ga. App. 175, 177-178 (2) (358 SE2d 468) (1987).

In the instant case at bar, National Union cannot be considered a joint tortfeasor for venue purposes because the cause of action against it arises in contract. *Thomas*, supra at 711-712. The claims against the other defendants, however, do arise in tort, including the claim against Dunlop. *Colt Indus. Operating Corp. v. Coleman*, 246 Ga. 559, 560 (272 SE2d 251) (1980) (held, given that the theoretical basis of a strict liability claim is in tort, a defendant in a strict liability action is considered a joint tortfeasor with other negligence defendants provided the other aspects of the joint tortfeasor definition are met).

The alleged negligent acts of Ligon and Riffe were separate from those of DOT and Etheridge and from those of Dunlop, but the injury, death, was single and indivisible. *Gay*, supra at 181. Accordingly, the tortfeasors are joint, and venue proper as to one tortfeasor is proper as to all. Id. Since Dunlop is deemed a resident of Fulton County for venue purposes, Etheridge can be joined in Fulton County as a joint tortfeasor with Dunlop.

4. *DOT*: As discussed in Division 3, supra, under OCGA § 32-2-5 (b) venue against DOT lies in the county where the cause of action arose. Our research has disclosed no case squarely addressing the question whether a state department or agency can be considered a joint tortfeasor with other resident defendants for venue purposes. In *Glover v. Donaldson*, 243 Ga. 479 (254 SE2d 857) (1979), the Supreme Court considered whether the joint tortfeasor provision of the constitution could be used to obtain venue against MARTA in a county other than that in which venue against MARTA was provided by statute. The court reasoned that the venue statute was not a condition of the state's consent to suit against MARTA, and that the statute could not be asserted to narrow the scope of constitutional venue provisions. Accordingly, the court held that the venue statute fixed venue for suits in which MARTA was the sole defendant, but the constitutional joint tortfeasor venue provision could be applied when MARTA was sued as a joint tortfeasor. Accord *Schwarcz v. Charlton County*, 211 Ga. 923, 927-928 (2) (89 SE2d 881) (1955) (county may be joined as joint tortfeasor in action filed in county of corporate co-

defendant's residence).

We hold that the analysis in *Glover* is applicable to this case. Like the MARTA venue statute, OCGA § 32-2-5 was not enacted as a component of the legislative scheme waiving sovereign immunity, as the sovereign immunity waiver applicable to this action appeared at former Art. I, Sec. II, Par. IX of the 1983 Georgia Constitution, and OCGA § 32-2-5 was enacted in 1973. Ga. L. 1973, pp. 947, 983. Moreover, this court has held that OCGA § 32-2-5 is cumulative, not exclusive, of other venue provisions. *Jahncke Svc. v. Dept. of Transp.*, 134 Ga. App. 106, 108-110 (3) (213 SE2d 150) (1975) (citing former Ga. Code Ann. § 95A-304). Thus, we hold that DOT may be joined in Fulton County as a joint tortfeasor with Dunlop.

5. The ruling of the trial court is reversed and the case is remanded with direction to transfer the action back to Fulton County.

*Judgment reversed and remanded with direction. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 9, 1993 —
RECONSIDERATION DENIED MARCH 24, 1993.

*Smolar, Roseman, Brantley & Seifter, Yehuda Smolar, Barry L. Roseman, James I. Seifter, Thomas A. Rice, Gambrell, Clarke, Anderson & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom,* for appellants.

*Michael J. Bowers, Attorney General, Charles M. Richards, George P. Shingler, Senior Assistant Attorneys General, Susan J. Levy, Staff Attorney, Nall, Miller, Owens, Hocutt & Howard, James S. Owens, Jr., George R. Neuhauser, Kenneth P. McDuffie,* for appellee.